IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **DEBORAH DIANE FLETCHER,** | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 13-1465 |
| v. | * |
| | * |
| | * |
| **CAROLYN W. COLVIN,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| Defendant. | * |
| | ************ |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS**

This matter is before the Court on the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) filed by the Commissioner of Social Security ("Defendant" or the "Commissioner") (ECF No. 9), to which Plaintiff filed a Response (ECF No. 12). For the reasons stated below, the Motion is **GRANTED**.

**DISCUSSION**

On May 17, 2013, Plaintiff filed a Complaint *pro se* alleging that "she is not getting her rightful benefits, checks she did receive, her second account which is solidly her's [sic] and her retirement, she should have start [sic] receiving when she turn [sic] 62 in 2011." Compl. 2, ECF No. 1. Defendant filed a Motion to Dismiss, asserting that Plaintiff applied for disability insurance benefits ("DIB") on February 7, 2000, and was awarded DIB on March 14, 2000, but did not apply for retirement benefits. Def.'s Mem. Supp. Mot. Dismiss 1-2, ECF No. 9-1. In turn, Plaintiff filed a Response, contending that the Social Security Administration did not intend to pay her all of her entitled benefits, as she only receives $518 per month in DIB, but "with the

retire [sic] benefits you receive $700s and something a month and it grow [sic] each year." Pl.'s Resp. 3, ECF No. 12. The parties then consented under 28 U.S.C. § 636(c) to the undersigned's jurisdiction to conduct all further proceedings in this case, including the entry of judgment. ECF Nos. 7, 13.

Defendant maintains that Plaintiff's Complaint is moot because she already has been awarded DIB and has received continuously her DIB payments since 2000. Further, "because Plaintiff is already receiving DIB, she is only eligible to receive the higher of either those DIB payments or retirement benefits, not both." Def.'s Mem. Supp. Mot. Dismiss 2, ECF No. 9-1. "[E]ven if Plaintiff had applied for retirement benefits, she would only be eligible to receive the higher of either disability benefits or retirement benefits, not both." *Id.* According to Defendant, the Social Security Administration's calculations reflect that Plaintiff's DIB is the higher benefit. *Id.*

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)). A claim should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). Further, federal courts should construe *pro se* pleadings liberally.

*See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (per curiam); *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000).

According to the Social Security Administration's Program Operations Manual System ("POMS"),[1] "[a] person may be entitled to more than one benefit at the same time. . . . However, a person's benefit amount can never exceed the highest single benefit to which that person is entitled." POMS RS 00615.020(A)(1).

> Any individual who is entitled . . . to both an old-age insurance benefit and a disability insurance benefit shall be entitled to only the larger of such benefits for such month, except that where the individual so elects, he or she shall instead be entitled to only the smaller of such benefits for such month.

20 C.F.R. § 404.407(c). Although Plaintiff maintains that she learned that she has "a second account that was set aside for only her and that she will receive that when she retire [sic]," she does not dispute that she did not apply for retirement benefits. Pl.'s Resp. 2, ECF No. 12. Further, Defendant points out that, contrary to her assertion, Plaintiff is only eligible to receive the higher of either DIB or retirement benefits, but not both, and that her DIB would be the greater amount, according to Defendant's calculations. Accordingly, Plaintiff fails to state a claim upon which relief can be granted, and her Complaint is **DISMISSED**.

---

[1] The Social Security Administration's Program Operations Manual System, or POMS, contains "the publicly available operating instructions for processing Social Security claims." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385, 123 S. Ct. 1017, 1025 (2003). These "administrative interpretations are not products of formal rulemaking." *Id.* at 385, 123 S. Ct. at 1026. Rather, "[t]he POMS guidelines represent the Commissioner's interpretation of the governing statutes and regulations, and so are entitled to some deference." *Wilson v. Apfel*, 81 F. Supp. 2d 649, 653 (W.D. Va. 2000). "While the POMS does not have the force of law, it can be persuasive." *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003).

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) (ECF No. 9) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. A separate order shall issue.

Date: April 23, 2014  /s/
Thomas M. DiGirolamo
United States Magistrate Judge